UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
JANE C. DANIEL,                                                                    Chapter 7
        DEBTOR.                                                             Case No. 13-16365-WCH
_____

ROBERT NICKSE,
        PLAINTIFF,
                                                             Adversary Proceeding
v.                                                                                                 No. 14-1038

JANE C. DANIEL AND JOHN J.
AQUINO, CHAPTER 7 TRUSTEE,
        DEFENDANTS.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matter before the Court is the "Plaintiff's Motion for Summary Judgment" (the "Plaintiff's Motion") filed by the plaintiff Robert Nickse ("Nickse") and the opposition thereto (the "Opposition") filed by the defendant Jane C. Daniel (the "Debtor").  Nickse, the Debtor's former spouse, seeks a determination that the Debtor's obligations to him arising from a separation agreement are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(5) or (a)(15), and that certain interests in real and personal property granted to him by the separation agreement are not property of the Debtor's estate.  The Debtor opposes, asserting that conflicting state court orders regarding the disposition of the property in question have created genuine issues of material fact.  For the reasons set forth below, I will grant in part and deny in part the Plaintiff's Motion.

1

## II. BACKGROUND

The salient facts arising from the uncontested documentary evidence accompanying the parties' submissions are not in dispute. Nevertheless, the parties are far from agreement regarding the legal implications of those facts. I further note that the record before me presents merely a slice of a much bigger picture. In particular, while it is clear that the various civil actions commenced by Vera Lee ("Lee") have had a substantial impact on the issues now before me, the parties have provided little information regarding this underlying litigation or the basis of her claims against the Debtor or Nickse.

Nickse and the Debtor married on December 24, 1998. During the marriage, they resided and operated a bed and breakfast at real property located at 4 Hovey Street in Gloucester, Massachusetts (the "Marital Residence"). Since 1987, Nickse has suffered from a permanent and total disability and has been unable to work or support himself. As result, he collected social security disability payments during the marriage. Nickse and the Debtor separated on February 16, 2003, and, based on the case number on the documents before me, commenced divorce proceedings in the Essex County Probate and Family Court (the "Probate Court") the following year.

The Debtor acquired the Marital Residence by quitclaim deed recorded in the Essex South Registry of Deeds (the "Registry") on July 30, 1998.[1] By a deed recorded in the Registry on January 29, 1999, she conveyed title to the Marital Residence to herself and Nickse as tenants by the entirety (the "1999 Deed").[2] Title to the Marital Residence has since been affected by several court rulings.

---

[1] Exhibit 2, Adv. Pro. No. 14-1038, Docket No. 58.

[2] Exhibit 3, Adv. Pro. No. 14-1038, Docket No. 58.

In 2004, Lee commenced a civil action against the Debtor and Nickse captioned *Vera Lee v. Jane Daniel and Robert Paul Nickse*, Docket No. 04-4428, in the Middlesex County Superior Court (the "Middlesex Court"), the nature of which is not clear from the record. On March 1, 2006, the parties entered into an agreement for judgment (the "Agreement for Judgment") whereby Nickse "acknowledge[d] and agree[d] that he has no interest in the [Marital Residence] other than may be expressly herein provided."[3] It further provided:

> *Robert Nickse expressly renounces and disclaims any interest in the [Marital Residence] which was purportedly conveyed by the [1999 Deed]* provided however the provisions of this agreement shall not operate to limit any claims Robert Nickse may advance against Jane Daniel in any actions commenced or pending in the Probate Court relative to the dissolution of his marriage . . . .[4]

Despite Nickse's renunciation of any interest in the Marital Residence, the Agreement for Judgment expressly provided that upon the sale of the Marital Residence, Nickse would be paid up to $250,000.00 from the net sale proceeds, so long as it did not exceed 30% of the net sale proceeds.[5] The Agreement for Judgment attached to the Opposition is not signed by the Middlesex Court, but Nickse does not dispute the Debtor's claim that it did, in fact, enter.[6]

In an apparent effort to effectuate the Agreement for Judgment, on March 2, 2006, Nickse recorded a quitclaim deed conveying the interest in the Marital Residence granted to him by the 1999 Deed to the Debtor (the "2006 Deed").[7] Indeed, the 2006 Deed expressly references the Agreement for Judgment as follows:

---

[3] Exhibit 4, Adv. Pro. No. 14-1038, Docket No. 58, at ¶ 2.

[4] *Id.* at ¶ 6 (emphasis added).

[5] *Id.* at ¶ 4.

[6] By virtue of his failure to dispute her statement of fact, it is deemed admitted. See LR, D. Mass 56.1, adopted and made applicable to proceedings in the Bankruptcy Court by MLBR 7056-1.

[7] Exhibit 5, Adv. Pro. No. 14-1038, Docket No. 58.

3

> See also judgment of Middlesex Superior Court in an action encaptioned Vera Lee, Plaintiff vs. Jane Daniel and Robert Paul Nickse, Defendants et al. entered on March 2, 2006, docket no. 04-4428, a copy of which judgment is to be recorded with said deeds.[8]

Notwithstanding the Agreement for Judgment, on March 14, 2006, the Debtor recorded a disclaimer of the 2006 Deed (the "Disclaimer"), in which she purported to refuse the "attempted transfer" of Nickse's interest in the Marital Residence.[9]

On June 28, 2006, Lee filed a second civil action in the Essex County Superior Court (the "Essex Court") captioned *Vera Lee v. Jane Daniel and Robert Paul Nickse*, Docket No. ESCV2006-1175. On March 26, 2006, the Essex Court entered a "Certificate of Last Entry/Judgment" declaring "that the attempted [Disclaimer] executed by Jane Daniel on March 14, 2006 is void" (the "Essex Judgment").[10] The Essex Judgment was recorded at the Registry on May 16, 2007.

On January 24, 2007, Nickse and the Debtor entered into a separation agreement (the "Separation Agreement"). Article One of the Separation Agreement provides in relevant part:

> Within one year of the execution of this Agreement, unless the parties mutually agree otherwise, the Marital Residence shall be sold and the proceeds divided as follows . . . [after payment of the first mortgage and a debt owed to David Holscher] . . . [s]eventy percent (70%) of the remaining equity shall be paid to the Wife, with a minimum of $300,000 going to the Wife . . . [t]hirty percent (30%) of the remaining equity shall be paid to the Husband, with a maximum of $250,000 going to the Husband.[11]

Article Five of the Separation Agreement, which is hand-written and concerns the disposition of personal property, provides in relevant part:

---

[8] *Id.*

[9] Exhibit 6, Adv. Pro. No. 14-1038, Docket No. 58.

[10] Exhibit 7, Adv. Pro. No. 14-1038, Docket No. 58.

[11] Exhibit 1, Adv. Pro. No. 14-1038, Docket No. 58 at 3.

4

>The Husband shall take the following items [(the "Personal Property")] from the Marital Residence upon the sale of the Marital Residence
>
>1) Front Hallway China Cabinet
>2) Double rope bed in "Belvedere Room"
>3) Milk painted armoire
>4) 2 "Gould" Bird prints called "Birds of Prey"
>5) Poseidon statute [sic]
>
>The wife shall keep all remaining personal property in the Marital Residence. . .[12]

Article Six of the Separation Agreement, titled "Debts and Obligations," states that "Wife shall be solely responsible for the payment of the debts and judgments owed to Vera Lee . . . ."[13] In Article Seven of the Separation Agreement, each party expressly "waive[d] any and all claim to alimony from the other past and present."[14]

On August 21, 2007, the Probate Court entered an "Equity Judgment" that provided, *inter alia*, that the 2006 Deed "is void ab initio."[15] Nickse states this occurred because the Probate Court found the 2006 Deed violated the automatic restraining order that went into effect upon the filing of their divorce proceeding in 2004.[16] Two days later, on August 23, 2007, the Probate Court entered a Judgment of Divorce Nisi which incorporated the Separation Agreement, but did not merge it with the judgment (the "Divorce Judgment").[17] Pursuant to its own terms, the Divorce Judgment became final on November 21, 2007.[18]

---

[12] *Id.* at 4.

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] Exhibit 8, Adv. Pro. No. 14-1038, Docket No. 58.

[16] *See* Supplemental Probate and Family Court Rule 411(a).

[17] Exhibit B, Adv. Pro. No. 14-1038, Docket No. 39-1 at 13.

[18] *Id.*

5

Despite the clear terms of the Separation Agreement, the Marital Residence was never sold and the Debtor never turned over the Personal Property to Nickse. Although Nickse now alleges that the Debtor is in contempt of the Divorce Judgment, he never filed an action to enforce the Separation Agreement.

The Debtor filed a voluntary Chapter 7 petition on October 31, 2013. The following day, November 1, 2013, John J. Aquino (the "Trustee") was appointed Chapter 7 trustee of the Debtor's estate. On "Schedule A – Real Property" ("Schedule A"), the Debtor listed herself as the "Sole Owner" of the Marital Residence, which she assigned a fair market value of $1,000,000.00.[19] On "Schedule C – Property Claimed as Exempt" ("Schedule C"), she claimed an exemption in the Marital Residence pursuant to Mass. Gen. Laws ch. 188, § 1 in the amount of $500,000.00.[20]

On February 7, 2014, Nickse commenced the present adversary proceeding against the Debtor and Trustee. On March 14, 2014, he filed a second amended complaint asserting three counts arising from the Separation Agreement and orders of the Probate Court. In Counts I and II, Nickse argued that "all of the debt owed to [him]" is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15), respectively.[21] In Count III, Nickse sought a declaration that the Personal Property and the 30% net equity interest up to $250,000 in the Marital Residence that were awarded to him (the "Residential Interest") in their divorce are not property of the estate pursuant to 11 U.S.C. § 541.[22] On April 24, 2014, the Debtor filed an answer admitting many of Nickse's allegations in the second amended complaint, but generally denying that he was entitled

---

[19] Schedule A, Case No. 13-16365-WCH, Docket No. 15.

[20] Schedule C, Case No. 13-16365-WCH, Docket No. 15.

[21] Amended Complaint, Adv. Pro. No. 14-1038, Docket No. 14 at ¶¶ 24-29.

[22] *Id.* at ¶¶ 30-32.

6

to the requested relief. While the Trustee initially filed an answer, he has since abandoned the Property pursuant to 11 U.S.C. § 554.

On November 14, 2014, Nickse filed the Plaintiff's Motion seeking summary judgment on all counts of the second amended complaint.[23] On December 31, 2014, the Debtor filed the Opposition, and Nickse filed a reply (the "Reply") on January 7, 2015. I conducted a hearing on the Plaintiff's Motion on January 29, 2015, and, at the conclusion of oral arguments, took the matter under advisement.

### III. POSITIONS OF THE PARTIES

A. Nickse

In the first instance, Nickse seeks a declaratory judgment that neither the Personal Property nor the Residential Interest are property of the estate. He asserts that the Separation Agreement unequivocally granted him these property interests, and, as a result, divested the Debtor of her equitable interests in these assets. Moreover, Nickse contends that due to the various orders effecting title to the Marital Residence, title was ultimately restored to both him and the Debtor by virtue of the 1999 Deed as the last unavoided transfer. Then, by operation of law, he posits that the Divorce Judgment converted the tenancy by the entirety into a tenancy in common with the parties' respective interests fixed by the Separation Agreement.

Nickse further argues that the Debtor's obligations to him arising out of the Separation Agreement are excepted from discharge under 11 U.S.C. § 523(a)(5) as a domestic support obligation. While he concedes that he expressly waived alimony in the Separation Agreement and agreed to accept his share of the Marital Residence as a lump sum, Nickse relies on *In re*

---

[23] In the Plaintiff's Motion, Nickse also disputes the Debtor's entitlement to a homestead exemption. These arguments will be addressed in a separate memorandum of decision in conjunction with Nickse's objection to the Debtor's homestead.

7

*Angelo*[24] for the proposition that nondischargeability is not determined by the label attached to the obligation, but the purpose it was intended to serve. Here, Nickse asserts that in light of his permanent disability and inability to continue deriving income from the operation of the bed and breakfast, his support was a critical issue in the divorce proceeding. Alternatively, if I conclude he does not hold a domestic support obligation, Nickse urges that it would nonetheless be excepted from discharge pursuant to 11 U.S.C. § 523(a)(15) as a property settlement.

    B. The Debtor

Although the facts as summarized above come largely from the Debtor's own submissions, she maintains that the record underlying Nickse's claim is so replete with disputed material facts that summary judgment is impossible. Beyond her insistence that I not grant the Plaintiff's Motion, the Debtor's position is confusing and inconsistent. The explanation for this incoherence appears to be the Debtor's naked assertion that the Separation Agreement incorporated into the Divorce Judgment, which is a final unappealable order of the Probate Court, was executed under extreme duress, rendering it unconscionable and voidable.[25]

With respect to the Residential Interest claim, the Debtor urges me to conclude title to the Marital Residence is in serious question in light of the "conflicting orders" of the Essex Court and the Probate Court.[26] Notwithstanding that request, she emphatically contends that the clear net effect of these judgments was to place record title to the Marital Residence solely in her name. The Debtor further complains that Nickse has adopted inconsistent positions with respect to having an interest in the Marital Residence, noting that he previously disclaimed having one.

---

[24] *In re Angelo*, 480 B.R. 70, 86 (Bankr. D. Mass. 2012).

[25] Answer, Adv. Pro. No. 14-1038, Docket No. 22 at ¶ 5; Trans. January 29, 2015 at 7:1-6.

[26] Opposition, Adv. Pro. No. 14-1038, Docket No. 58 at 7.

Likely due to her belief in the voidability of the Separation Agreement, she does not address Nickse's claim to an equitable interest in the Personal Property. Similarly, the Opposition does not reference the Personal Property.

Turning to the question of nondischargeability, the Debtor argues that the alleged debt to Nickse is not a domestic support obligation. She points to the Separation Agreement, in which Nickse expressly waived any claim for alimony. The Debtor further disputes Nickse's claim that they either intended or agreed that the purpose of any award in his favor was meant to be spousal support. In any event, she posits that Nickse does not hold a "claim" as that term is defined in the Bankruptcy Code, such that any amount due him is not a "debt" falling within a discharge exception.

## IV. DISCUSSION

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[28] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[29]

The party seeking summary judgment "always bears the initial responsibility . . . of identifying those portions of 'the pleadings, depositions, answers to interrogatories, and

---

[27] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[28] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[30] The nonmoving party must then "produce 'specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'"[31] A trialworthy issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[32] The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[33]

The United States Court of Appeals for the First Circuit has explained this provision to mean that the absence of a material factual dispute is a necessary condition, but not a condition sufficient for summary judgment.[34] The moving party, therefore, must show that it is entitled to judgment as a matter of law.[35]

B. Analysis

To properly frame the analysis, I start with the premise that Nickse claims two distinct property interests—the Residential Interest and the Personal Property. Through his complaint, he advances three theories to obtain or protect these interests. Although Nickse does not acknowledge them as such, his theories are mutually exclusive. For example, if he were to prevail on Count III and obtain a declaratory judgment that one or both of the claimed property interests are not property of the estate, there would be no debt to except from discharge under

---

[30] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

[31] *Triangle Trading Co.*, 200 F.3d at 2 (*quoting Morris v. Gov't Dev't Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994)).

[32] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[33] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[34] *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 764 (1st Cir.1994).

[35] *Id.*

Counts I and II. If, on the other hand, a debt exists, which is contrary to the relief requested in Count III, it could not be both a domestic support obligation under 11 U.S.C. § 523(a)(5) and a property settlement under 11 U.S.C. § 523(a)(15). Thus, Nickse may only prevail on one count per claimed property interest.

1. The Residential Interest

Upon the filing of a bankruptcy petition an estate is created "comprised of all legal or equitable interests of the debtor in property as of the commencement of the case."[36] Property rights in bankruptcy are determined by reference to state law.[37] To determine the extent to which the Marital Residence constitutes property of the estate, I must first examine the title.

The parties agree that title to the Marital Property was impacted by the following six events:

| Instrument and Date | Transferor | Transferee | Effect of Instrument |
|---|---|---|---|
| Quitclaim Deed July 30, 1998 | Ronald K. Phillips | The Debtor | Record title held by the Debtor |
| 1999 Deed January 29, 1999 | The Debtor | The Debtor and Nickse as Tenants by the Entirety | Record title held by the Debtor and Nickse as Tenants by the Entirety |
| 2006 Deed Incorporating the Agreement for Judgment March 2, 2006 | Nickse | The Debtor | Record title held by the Debtor |
| Disclaimer March 14, 2006 | The Debtor disclaims transfer of Nickse's interest via the 2006 Deed | | Record title held by the Debtor and Nickse as Tenants by the Entirety |
| Essex Judgment March 26, 2006 | Voids the Disclaimer | | Record title held by the Debtor |
| Equity Judgment August 21, 2007 | Voids the 2006 Deed | | Record title held by the Debtor and Nickse as Tenants by the Entirety |

---

[36] 11 U.S.C. § 541(a)(1).

[37] *See Butner v. U.S.*, 440 U.S. 48, 54 (1979).

Contrary to the Debtor's assertions, the record is neither confusing nor indefinite with respect to the title of the Marital Residence. Indeed, the net effect of the Essex Judgment, which voided the Debtor's Disclaimer, and the Equity Judgment, which voided the 2006 Deed, was to return the ownership of the Marital Residence to the last unavoided deed—the 1999 Deed from the Debtor to Nickse and the Debtor as tenants by the entirety.

Two days after the Equity Judgment, the Probate Court entered the Divorce Judgment and further altered the parties' respective rights. In Massachusetts, "[b]y law, an accomplished judgment of divorce will convert a tenancy by the entirety to a tenancy in common."[38] Therefore, as a result of the Divorce Judgment, Nickse and the Debtor held the Marital Residence as tenants in common. Moreover, the Separation Agreement, which was incorporated by the Divorce Judgment, fixed their tenancy interests such that Nickse is entitled to 30% of the net equity up to a maximum of $250,000.00. Accordingly, I find that Nickse held both record legal title to and the equitable interest in the Residential Interest on the petition date such that it did not become part of the Debtor's estate.

The Debtor's protests that that the orders of the Essex Court and Probate Court conflict are unpersuasive. The Essex Judgment arose out of a civil action brought by Lee, the purpose of which, I reasonably infer based upon the relief obtained, was to invalidate the Disclaimer as patently inconsistent with the Agreement for Judgment entered by the Middlesex Court. While the Debtor posits that the Essex Judgment "implicitly would say the [2006 Deed] is fine," the record only supports the conclusion that the Essex Court found the Disclaimer invalid, not that

---

[38] *Waxman v. Waxman*, 84 Mass. App. Ct. 314, 320, *review denied*, 466 Mass. 1110, 998 N.E.2d 343 (2013) (*citing Bernatavicius v. Bernatavicius*, 259 Mass. 486, 489 (1927)); *see Synder v. Rockland Trust Co. (In re Snyder)*, 249 B.R. 40, 44 (B.A.P. 1st Cir. 2000) *aff'd*, 2 F. App'x 46 (1st Cir. 2001); *In re Cassese*, 286 B.R. 472, 473 (Bankr. D. Mass. 2002).

the underlying transfer was valid.[39] Ultimately, the Probate Court found that the 2006 Deed violated the automatic restraining order to which the parties were subject and voided the transfer.[40] Thus, regardless of whether the Essex Judgment is technically inconsistent with the Equity Judgment, the matter has been finally resolved by a court of competent jurisdiction.

For these reasons, Nickse is entitled to Judgment on Count III with respect to the Residential Interest, but not Counts I and II.

### 2. The Personal Property

Nickse's claim to the Personal Property, which the Debtor did not expressly oppose either in the Opposition or at oral argument, is based on Article Five of the Separation Agreement. It provides, in relevant part, that "[t]he Husband shall take the following items from the Marital Residence upon the sale of the Marital Residence . . . [and] [t]he wife shall keep all remaining personal property in the Marital Residence."[41] Admittedly, Article Five of the Separation Agreement could have been drafted with greater precision. Nevertheless, I find the unambiguous intent of this language was to grant Nickse full ownership of the listed Personal Property free of any claim by the Debtor. I do not read the phrase "upon the sale of the Marital Residence" as a condition to the divestment of the Debtor's interest in the Personal Property, but simply to mean that Nickse could not remove the Personal Property, which I note consists of furniture and décor that may have been necessary to the operation of the bed and breakfast, from the Marital Residence until the sale. I conclude that in the interim, the Debtor simply has legal possession of

---

[39] Trans. January 29, 2015 at 6:14-16.

[40] Also implicit in this ruling is that Nickse's renunciation of his interest in the Marital Residence in the Agreement for Judgment is similarly void.

[41] Exhibit 1, Adv. Pro. No. 14-1038, Docket No. 58 at 4.

13

the Personal Property without any ownership interest.  As such, the Personal Property is not property of the estate.

Again, Nickse is entitled to judgment on Count III, but not Counts I and II.

## V. CONCLUSION

In light of the foregoing, I will enter an order granting the Plaintiff's Motion with respect to Count III, and denying the Plaintiff's Motion with respect to Counts I and II.  In light of the mutually exclusive relief sought by the separate counts of Nickse's complaint, I will further order the parties to show cause why summary judgment should not enter in favor of the Debtor with respect to Counts I and II.[42]

*[signature: William C. Hillman]*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: April 13, 2015

Counsel Appearing:

    Bailey Buchanan Nowak, Metaxas Brown Pidgeon LLP, Beverly, MA,
        for Nickse
    Kenneth E. Lindauer, Law Offices of Kenneth E. Lindauer, Salem, MA,
        for the Debtor

---

[42] *See* Fed. R. Civ. P. 56(f)(1), made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.